## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| ALONZO CORREA | ) | |
| | ) | |
|   Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE NORTH COMPANIES | ) | |
| TRAVEL HOSPITALITY SERVICES, | ) | |
| INC. | ) | |
| | ) | |
|   Defendant. | ) | |
| | ) | |

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332 AND 1441]**

To the United States District Court for the Middle District of Florida and to

Plaintiff and his attorneys of record:

Defendant Delaware North Companies Travel Hospitality Services, Inc.

("DNC Travel Hospitality Services" or "Defendant") hereby files this Notice of

Removal pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) and Local Rule 1.06,

based on diversity of citizenship jurisdiction, in order to effectuate the removal of

the above-captioned action from the Circuit Court of the Thirteenth Judicial Circuit

in and for Hillsborough County, Florida, to the United States District Court for the

Middle District of Florida.  In support, removal is proper for the following reasons:

## I.     BACKGROUND

1.     On November 9, 2021, Plaintiff Alonzo Correa ("Plaintiff") filed a Complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, entitled, *Alonzo Correa v. Delaware North Companies Travel Hospitality Services, Inc.*, designated as Case No. 21-CA-008947 ("State Court Action"). In the Complaint, Plaintiff alleges two causes of action: (1) sex discrimination under the Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq.*; and (2) Retaliation.

2.     On January 19, 2022, Defendant was served with a summons and complaint.  A true and correct copies of the Summons and Complaint and all other process, pleadings and orders served on Defendant are attached as **Exhibit 1.**

3.     **Exhibit 1** constitutes all of the pleadings served on Defendant in the state court action prior to filing this Notice of Removal. There are no pending motions or hearings currently scheduled in the State Court Action.

## II.     TIMELINESS OF REMOVAL

4.     This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon DNC Travel Hospitality Services, the moving Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing,*

*Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

### III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

5.     The Court also has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### A.     Plaintiff's Citizenship

6.     At the time Plaintiff filed this civil action, Plaintiff was a citizen and resident of the State of Florida. Plaintiff alleges in the Complaint that he "was a resident of Hillsborough County, Florida at all times material to this action." (Exhibit 1, Plaintiff's Complaint ("Compl.") ¶ 3.) Plaintiff alleges he was employed by Defendant and at all material times (from approximately 2016 until 2020) worked in Hillsborough County, Florida. (Compl. ¶¶ 7, 8-10, 23-24, 34.) Plaintiff's home address during the subject time frame was within the State of Florida. (Declaration of Jennifer Gray ["Gray Dec."] ¶ 2.) There are no documents in Plaintiff's personnel file to suggest in any way that he is currently, or during the periods of his alleged employment was, a domiciliary or citizen of any state other than Florida. (Gray Dec. ¶ 2.)

**B. Defendant's Citizenship.**

7. For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).

8. DNC Travel Hospitality Services is and was at the time of the institution of this civil action, a corporation formed under the laws of the State of Delaware and has its headquarters and its principal place of business in Buffalo, New York. (Gray Dec. ¶¶ 3-4.)

9. Under the "nerve center" test, New York emerges as Delaware North's principal place of business. Defendant's corporate headquarters and/or operations are located in Buffalo, New York where Defendant's high level officers direct, control, and coordinate Defendant's activities. (Gray Dec. ¶ 4.) Defendant's high level corporate officers maintain offices in New York, and many of

Defendant's corporate level functions are performed in the New York office. (*Id.*)

Additionally, many of Defendant's executive and administrative functions,

including corporate finance and accounting, are directed from Buffalo, New York.

(*Id.*)

10.    Accordingly, pursuant to 28 U.S.C. § 1332(c), DNC Travel

Hospitality Services is a citizen of Delaware and New York for diversity purposes.

11.    In compliance with 28 U.S.C. § 1441(b), "none of the parties in

interest properly joined and served as defendant is a citizen of the State in which

[this] action is brought."

### C.    Amount in Controversy.

12.    As the Supreme Court has explained, "a defendant's notice of removal

need only include a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135

S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication,

the defendant's amount-in-controversy allegation should be accepted when not

contested by the plaintiff or questioned by the court.").

13.    "[W]hile damages may not be determined by mere speculation or

guess, it will be enough if the evidence shows the extent of the damages as a matter

of just and reasonable inference." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d

744, 754 (11th Cir. 2010) (quoting *Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir.

2001)).  Further, a defendant is permitted to submit a "wide range of evidence in order to satisfy the jurisdictional requirements of removal." *Pretka*, 608 F.3d at 755.

14.    Plaintiff alleges claims of sex and gender discrimination, harassment, and retaliation pursuant to the Florida Civil Rights Act, § 760.01 *et seq.* ("FCRA"). (Compl. ¶¶ 1, 40-41, 45.)  Under the FCRA, a successful plaintiff may recover back pay, compensatory damages, punitive damages, and reasonable attorney's fees and costs.  Fla. Stat. Ann. § 760.11(5) (West).

15.    As part of his damages, Plaintiff seeks damages as a result of the alleged discrimination, harassment, and retaliation, including loss of pay and benefits, loss of reputation, and physical and emotional pain and mental anguish. He seeks an award of back pay, benefits and other appropriate relief, compensatory damages, front pay for a "lengthy period of time," costs for bringing this action, attorney's fees, and other appropriate relief, which would exceed $75,000. (Compl. ¶¶ 40, Wherefore Clauses p. 5-6.)[1]

16.    At the time his employment was terminated in December 2020, Plaintiff's expected hourly rate of pay (based on hourly wages, tips and tips credit)

---

[1] Plaintiff pleads that his damages exceed $30,000, exclusive of pre-judgment interest, costs and attorney's fees. (Compl. ¶ 1)

was approximately $25.41.[2]  This is based on the his earnings from 2019, which totaled $52,794.00 for 2,077.59 hours of work.  (Gray Decl. ¶ 5.)  With the reasonable assumption that Plaintiff's yearly earnings would be on pace to at least match his hours worked and 2019 (pre-COVID) wages of $52,794, Plaintiff's alleged lost wages from December 10, 2020 to date, another 62 weeks of employment, is approximately $62,946.69.

17.     Plaintiff's alleged lost wages would continue to accrue until trial.  If Plaintiff's lost wages are calculated through trial, which would likely not take place for at least another year, then, measured from date of removal, Plaintiff's lost wages would be approximately an additional $52,794.  *See Kok v. Kadant Black Clawson, Inc.,* 274 F. App'x 856, 857 (11th Cir. 2008) (calculating back pay from termination to trial); *Moreland v. Suntrust Bank*, 981 F. Supp. 2d 1210, 1213 (M.D. Fla. 2013) (same); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011 (stating that "back pay for purposes of the amount in controversy requirement should be calculated to the date of trial"); *Cashman v. Host Int'l, Inc.*, No. 8:10-cv-1197, 2010 WL 4659399, at *1 (M.D .Fla. Nov. 9,

---

[2] Due to COVID related closures, Plaintiff did not work between March and October of 2020.  (Compl. ¶¶ 23-24) Based on Plaintiff's 2020 earnings, his hourly wage (hourly earnings, tips and tip credits) was approximately $23.80 an hour based on a total 2020 earnings of $25,103.12 for 1,054.39 hours of works.  (Gray Decl. at 5.)

2010) (same).  Thus, Plaintiff's alleged lost wages until trial approximately one year from now would be $115,740.69.[3]

18.    It is well established that courts consider the availability of emotional distress damages in determining the amount in controversy for purposes of removal to federal court.  *See, e.g., Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (concluding that plaintiff's alleged emotional distress damages further increased the amount in controversy); *Barnes v. JetBlue Airways Corp.*, No. 07-60441, 2007 WL 1362504, at *2 (S.D. Fla. 2007 May 7, 2007) (concluding that an award for emotional distress could easily match an award for economic damages).

19.    Under the FCRA, plaintiffs can also recover compensatory damages for mental anguish, loss of dignity, and any other intangible injuries.  Fla. Stat. Ann. § 706.11(5).  In other cases asserted under the FCRA and similar federal discrimination laws, courts have awarded compensatory damages well in excess of $75,000.  *See, e.g., Muñoz v. Oceanside Resorts, Inc.,* 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming jury award of $150,000 for compensatory damages in age discrimination case under FCRA); *Hill v. Xerox Corp.*, 998 F. Supp. 1378, 1384

---

[3] Some courts in this district hold differing opinions regarding whether back pay that accrues after removal should be conserved when determining the amount in controversy, *e.g. Scott v. Walmart, Inc.*, 528 F. Supp.3d 1267, 1276-77 (2021). However, it is irrelevant for the present case since, with back pay at time of removal of $62,946.69 coupled with attorneys' fees, and compensatory damages for emotional distress that required counseling, the amount of controversy is satisfied even if back pay from the date of removal through trial were not considered.

(N.D. Fla. 1998) (upholding jury's award of $457,000 for emotional distress damages under ADEA).   Such cases provide further evidence of an amount in controversy in excess of the federal jurisdictional threshold.  *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754-55 (11th Cir. 2010) ("defendants may submit a wide range of evidence . . . to satisfy the jurisdictional requirements of removal," including prior cases that allow "reasonable deductions, reasonable inferences, or other reasonable extrapolations").

20.      Here, in his Complaint, Plaintiff alleges he endured a loss of reputation, physical and emotional pain and mental anguish. (Compl. ¶ 40.) Specifically, Plaintiff claims that he felt unsafe at work and the alleged harassment, physical and verbal abuse and bullying were so severe that he began mental health counseling.  (Compl. ¶ 18.)  Additionally, due to the alleged retaliation, Plaintiff claims that he has suffered and will continue to suffer pain, humiliation and emotional distress.  (Compl. ¶ 45.)  Plaintiff's allegations, if accepted by a jury, could generate substantial emotional distress damages, in addition to his back pay damages.[4]

---

[4] *See, e.g.*, *Mumford v. Aziz and Companies*, No. 8:16-cv-00352, 2016 WL 4707621, 16-FJVR-9-14 (M.D. Fla. June 6, 2016) (plaintiff alleged sexual orientation discrimination, hostile work environment, and retaliatory termination; on June 6, 2016, a jury awarded him $39,900 in lost wages, $150,000 in emotional distress, and $300,000 in punitive damages); *Ellis v. RIC L. Bradshaw*, 50-2008-CA-01212, 2013 WL 2948220 (Fla. Cir. Ct. Mar. 26, 2013) (plaintiff alleged race discrimination and retaliation claiming she was unfairly disciplined and subjected to a hostile work environment; on March 13, 2013, a jury awarded her $26,349.86 in past lost earnings, $35,778 in past lost benefits, and $200,000 in pain and suffering and other monetary and non-monetary losses); *Nida v. Palm Beach Community College*, CL 99-5168, 2000 WL 1672169, JVR No. 801416 (Fla. Cir. Ct. January 2000) (plaintiff alleged he was unlawfully demoted and terminated because of his race; in January 2000, the jury awarded him $30,000 in past wages, $50,000 in future wages and $75,000 in pain and suffering).

21.    Finally, as to attorneys' fees and costs, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount of controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Kamlet v. Hartford Life and Acc. Ins. Co.*, 187 F. App'x 986, 970-72 (11th Cir. 2006) (affirming attorneys' fee award of $87,241.40 where the benefits damages at issue amounted to approximately $25,000).

22.    In sum, using Plaintiff's actual lost wages as of the date of removal as a base ($62,946.69), and taking into account the just and reasonable inference that Plaintiff's alleged compensatory damages (including purported emotional distress that caused him to seek mental health counseling), attorneys' fees, and costs will total at least an additional $13,000, Plaintiff's damages exceed $75,000. In addition, if the Court considers Plaintiff's back pay through trial, Plaintiff may be entitled to an additional $52,794; under this scenario, his back pay alone is far in excess of $75,000 ($62,946.69 + $52,794). Accordingly, and under either iteration of a back pay analysis, Defendant has established that the amount in controversy exceeds $75,000. *Kamlet*, 187 F. App'x at 970-72 (affirming attorneys' fees award of $87,241.40 where the benefits damages at issue amounted to approximately $25,000).

23.     Thus, while Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1).

24.     Therefore, because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

25.     This action is pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida; therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

26.     Prompt written notice of this Notice of Removal is being sent to Plaintiff, through his counsel, and to the Clerk of Court for the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, as required by 28 U.S.C. § 1446(d).  A copy of that notice is attached as **Exhibit 2**.

This 17th day of February, 2022.

DELAWARE NORTH COMPANIES
TRAVEL HOSPITALITY
SERVICES, INC.

By: */s/ Alex S. Drummond*
Alex S. Drummond
Florida Bar No. 0038307
adrummond@seyfarth.com
Misty R. Martin (*pro hac vice forthcoming*)
Georgia Bar No. 576363
mrmartin@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALONZO CORREA )
)
   Plaintiff, ) Case No.
)
v. )
)
DELAWARE NORTH COMPANIES )
TRAVEL HOSPITALITY SERVICES, )
INC. )
)
   Defendant. )
)

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 17, 2022, a true and correct copy

of the foregoing **Notice of Removal** was served by the Court's ECF system to the

following counsel of record:

   Erik De L'Etoile
   Reifkind, Thompson & Rudzinski, LLP
   189 S. Orange Avenue, Suite 840S
   Orlando, Florida 32801
   edeletoile@rtrlaw.com


                                */s/ Alex Drummond*
                                Alex Drummond
                                Attorney for Defendant

79603094v.1